**SO ORDERED.**

**SIGNED this 25 day of August, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**MAELLER DOUSHIE BATTS CONNER,**           Case Number: 04-09996-8-JRL
                                            Chapter 7
    DEBTOR.


**JAMES B. ANGELL, Chapter 7 Trustee for
Maeller Doushie Batts Conner,**

    Plaintiff,

    v.                                      Adversary Proceeding
                                            No. L-08-00242-8-JRL

**MAELLER DOUSHIE BATTS CONNER,**

    Defendant.

_____

### **ORDER**

This adversary proceeding is before the court on the trustee's request for the denial of discharge under 11 U.S.C. § 727. A trial of this matter was held on July 20, 2009 in Wilmington, North Carolina.

**BACKGROUND**

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on December 1, 2004. The case was originally a joint filing, which was later severed after the debtor and her husband divorced. On July 23, 2008, the debtor's case was converted to a case under Chapter 7. At the time of filing, the debtor's petition and schedules only included an interest in the residence located at 73 Clayton Lane, Rocky Point, North Carolina. Although it was later established that the debtor held no interest in the real property purchased during her marriage, the debtor believed she and her husband owned the land and mobile home as tenants by the entirety.

Absent from the petition and schedules were interests the debtor held in heirs' property. Heirs' property is the term used to describe land which passes into the hands of numerous heirs through generations of intestate succession. Most owners of heirs property generally have an extremely fractionalized interest. Regardless of how minuscule the interest, heirs' property becomes property of the estate upon the filing of a bankruptcy petition pursuant to 11 U.S.C. § 541(a)(1). Heirs' property exists on both sides of the debtor's family tree. The heirs' property the debtor inherited from her father is known as the "Batt's Property." The debtor inherited an interest in the Batt's Property, which consists of 14 acres of woods in Onslow County, upon her father's death in 1962. From her mother's family, the debtor inherited an interest in the "Jacob's Property." The Jacob's Property is comprised of approximately 47 acres in Pender County. The debtor's mother, Odessa Batts, passed away sometime around October 2007.

On October 7, 2004, the debtor was identified in six general warranty deeds concerning the Jacob's Property. The debtor's name and signature appear as a grantor in the deeds

conveying property described as all of Tract 1, Tract 2, Tract 3, Tract 4, and Tract 5. In the remaining deed, which purports to convey property described as all of Tract 6, the debtor's name appears as a grantee. The fact that these transactions occurred is uncontested. What is at issue before the court is: 1) whether the debtor did in fact hold an interest in the Jacob's Property when the deeds were executed, and 2) the extent of the debtor's knowledge and intent in failing to disclose the transactions. The trustee argues that the debtor held an interest in the Jacob's Property at the time of the transfers, and that failure to disclose the property was done both knowingly and fraudulently. As such, the trustee contends that the debtor's discharge should be denied pursuant to 11 U.S.C. §727.

## **DISCUSSION**

Section 727(a)(2)(A) states that the court shall grant the debtor a discharge unless the debtor transferred or concealed property of the estate with the intent to defraud a creditor or officer of the estate within one year prior to the date of filing for bankruptcy protection. Another Code provision concerning a debtor's discharge, § 727(a)(4)(A), states that discharge shall be denied if the debtor knowingly or fraudulently made a false oath or account. The trustee claims the debtor is in violation of the Code pursuant to both provisions, relying on the fact that the debtor's name, appearing on all of the deeds as either a grantor or grantee, is evidence of undisclosed ownership.

At the hearing, it was established that the debtor's mother, Odessa Batts, suffered from Alzheimer's. When the petition was filed, the debtor lived with her mother as the primary care giver. The debtor asserted that she did not remember signing the deeds. The debtor's recollection was that she was asked by her uncle, Willie Jacobs, her mother's brother, to sign a

3

document that would allow the land to be divided.  The debtor further asserted that at the time of the alleged transfers her mother was very ill and had a short life expectancy.  However, Odessa Batts lived until the fall of 2007.

The adage to remember when determining ownership is: a living [wo]man has no heirs.  Although the debtor was listed as a grantor on the deeds conveying Tracts 1-5, she held no interest in the Jacob's Property at the time of execution.  While it may be arguable that the debtor had a future interest in the property, it was entirely contingent on her mother's death.  Based on the evidence presented at the hearing, it appears that the deeds were drawn up with an abundance of caution.  The debtor and her siblings were named as grantors, along with their mother and the other living heirs of John F. Jacobs, on five of the deeds.  Having the debtor, her brothers, and her sisters sign the deeds ensured that the transactions would remain valid in the event their mother died before the deeds were fully executed or recorded.  The court finds that Odessa Batts, while still living, held an interest in the Jacob's Property, not her children.  Thus, the debtor was not an owner of the Jacob's Property upon the execution of the deeds covering Tracts 1-5.

The deed on which the debtor is listed as a grantee requires separate analysis.  Odessa Batts and the other living heirs of John F. Jacobs attempted to convey an interest in the Jacob's Property to the debtor and her siblings prior to Odessa Batts' death.  Had this transaction been accomplished, the debtor would have gained an ownership interest in the portion of the property identified as Tract 6.  The conveyance, however, either completely failed or alternatively was completed more than 180 days after the petition was filed, so Tract 6 never became property of the estate.  Pursuant to 11 U.S.C. § 541(5) any interest in property that the debtor acquires within

4

180 days of the petition is property of the estate.

     A conveyance of heirs' property is only complete when all family members with vested interests have executed the deed. It should be noted that the deed in question is so poorly drafted it is questionable that the debtor ever acquired an interest by conveyance. What is clear, however, is that no interest was acquired within 180 days of filing. Joseph Washington, a grantor, did not sign the deed until October 28, 2005, more than one year after the deed was dated. Therefore, the property was never property of the estate. Moreover, it does not appear that the debtor and her siblings ever gained an interest from the subject deed. The debtor's brother, James L. Batts, acting as Power of Attorney for Odessa Batts, signed the deed but his signature was never notarized. Without notarization, the execution is ineffective, voiding the conveyance. Under either of these views, Tract 6 remains excluded from the bankruptcy estate. Section 541 was also inapplicable when the debtor did later inherit the property on the occasion of her mother's death in October 2007, 3 years beyond the petition date.

     Although not alleged as a basis for denial of discharge in the complaint, the bigger question involves the debtor's knowledge and concealment of the Batt's Property. The debtor, at the time of filing, clearly held an ownership interest in the property she inherited from her father in 1962. Acknowledging her ownership, and that such information was excluded from her petition, the debtor stated that the information was undisclosed upon the advice of counsel. At the commencement of her case, the debtor was represented by an attorney who has since been suspended in part for helping his clients hide assets. At the hearing, the debtor was adamant that she informed the attorney of her interest in the Batt's Property during their first meeting. The debtor further stated that her attorney responded, "We don't worry about heirs' property." This

5

statement is not inconsistent with the court's knowledge of the attorney in question. As most individuals do, the debtor believed her attorney provided correct legal advice. Although the debtor failed to disclose her ownership of the Batt's Property, the court finds that such omission was not done fraudulently.

Based on the foregoing, the relief sought is **DENIED**. The debtor held no interest in any tract of the Jacob's Property when the deeds were executed. Since the Jacob's Property was not property of the estate, the debtor was under no obligation to disclose its existence. On the other hand, the Batt's Property, having now been discovered, is property of the estate and must be dealt with accordingly. However, in this instance, non-disclosure of the Batt's Property is not grounds for a denial of discharge under 11 U.S.C. §727.

END OF DOCUMENT